IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOANNE HARRIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:13-cv-00077 |
| ) | |
| ROBERT F. McDONNELL, JANET M. ) | |
| RAINEY, and THOMAS E. ROBERTS, ) | |
| in their official capacities ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF JANET M. RAINEY**

COMES NOW, Janet M. Rainey, by counsel, in her official capacity, and for her Answer states as follows:

1. Janet M. Rainey, the State Registrar, is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. Defendant Rainey admits that this action purports to be pursuant to 42 U.S.C. § 1983 but denies any violation of the Fourteenth Amendment and further denies that this case is proper for class action treatment.

2. Defendant Rainey admits that marriage is a fundamental social institution which antedates the state. She is without knowledge or information sufficient to form a belief about the truth of the allegations personal to Plaintiffs and this statement has the effect of a denial. The remaining allegations are denied.

3. Defendant Rainey admits that the Constitution of Virginia and the relevant statutes define marriage as between one man and one woman. The remaining allegations are denied.

4. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations personal to Plaintiffs and this statement has the effect of a denial. She further denies that Virginia's definition of marriage causes them legal injury.

5. Paragraph 5 consists of conclusory allegations which require no response. To the extent that a response is required it is denied that the miscegenation laws or married women's property acts or the other allegations therein provide a rule of decision for this case.

6. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial. Defendant Rainey admits that this action purports to be pursuant to 42 U.S.C. § 1983 but denies any violation of the Fourteenth Amendment and further denies that this case is proper for class action treatment.

7. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

8. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

9. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

10. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

11. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

12. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

13. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

14. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

15. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

16. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

17. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

18. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

19. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

20. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

21. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

22. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

23. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

24. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

25. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

26. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

27. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

28. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

29. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

30. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

31. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

32. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

33. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

34. Defendant Rainey denies that the Governor is a proper defendant for the reasons stated in his Rule 12(b)(1) Motion to Dismiss.

35. Defendant Rainey admits that she is sued in her official capacity as the State Registrar of Vital Records and further affirms that the statutes prescribing her duties speak for themselves. Defendant denies she is depriving Plaintiffs of any federal right within the meaning of 42 U.S.C. § 1983 under color of state law.

36. Defendant Rainey admits that Thomas E. Roberts is sued in his official capacity as Staunton Circuit Court Clerk but affirms that the statutory and constitutional bases for his authority speak for themselves. She further denies that Defendant Roberts is depriving Plaintiffs of federal rights within the meaning of 42 U.S.C. § 1983 under color of state law.

37. Defendant Rainey denies that the Governor has any special relationship with the marriage eligibility laws. She denies that Defendants or any of them have legally injured Plaintiffs or that Plaintiffs are entitled to relief.

38. Defendant Rainey admits that Plaintiffs purport to bring this action under 42 U.S.C. § 1983 but denies that it is a proper claim or one susceptible to trial as a class action.

39. Defendant Rainey admits federal question jurisdiction.

40. Defendant Rainey admits that venue lies within the Western District of Virginia, the Harrisonburg Division.

41. Defendant Rainey affirms that Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202 speak for themselves.

42. Defendant Rainey admits personal jurisdiction.

43. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations personal to Plaintiffs and this statement has the effect of a denial. She further denies that Virginia's definition of marriage causes them legal injury.

44. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations personal to Plaintiffs and this statement has the effect of a denial. She further denies that Virginia's definition of marriage causes them legal injury.

45. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations personal to Plaintiffs and this statement has the effect of a denial. She further denies that Virginia's definition of marriage causes them legal injury.

46. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations personal to Plaintiffs and this statement has the effect of a denial. She further denies that Virginia's definition of marriage causes them legal injury.

47. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations personal to the members of the putative class and this statement has the effect of a denial. She further denies that Virginia's definition of marriage causes them legal injury or that class action treatment is proper.

48. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations personal to the members of the putative class and this statement has the effect of a denial. She further denies that Virginia's definition of marriage causes them legal injury or that class action treatment is proper.

49. Denied. From 1607 until the present same sex marriage has been a legal impossibility in Virginia.

50. Denied except to affirm that Virginia Code § 20-45.2 speaks for itself.

51. Denied except to affirm that the 1997 version of Virginia Code § 20-45.2 speaks for itself.

52. Denied except to affirm that Virginia Code § 20-45.3 speaks for itself.

53. Denied except to affirm that the proposed amendment speaks for itself.

54. Admitted that the General Assembly approved the measure again in early 2006, and the voters ratified Virginia Constitution article 1, § 15-A in November 2006. The precise vote tally is a matter of public record that speaks for itself.

55. Denied as stated.

56. Defendant Rainey admits that Virginia's definition of marriage distinguishes between a man and a woman desiring to wed and individuals of the same sex desiring to do so but denies that this causes legal injury. She further avers that the cited legal authorities speak for themselves.

57. Defendant Rainey denies that Virginia's definition of marriage causes legal injury.

58. Defendant Rainey denies that Virginia's definition of marriage causes legal injury.

59. Defendant Rainey denies that Virginia's definition of marriage causes legal injury.

60. Defendant Rainey denies that Virginia's definition of marriage causes legal injury.

61. Defendant Rainey denies that Virginia's definition of marriage causes legal injury.

62. Virginia legislators and voters may reasonably believe that marriage is in essence what it has traditionally been understood to mean; that altering its meaning is freighted with unknown social consequences; and that the traditional definition advances important state interests in responsible procreation and optimal childrearing. The allegations of Paragraph 62 that Virginia's laws do not serve a legitimate interest are therefore denied.

63. Because the drafters and ratifying states clearly did not intend to forbid the traditional definition of marriage in adopting the Fourteenth Amendment, a contrary holding is unwarranted. Social dynamism in an area where states have been given the greatest deference

should be expressed through the political branches. The allegations of Paragraph 63 that Virginia's laws do not serve a legitimate interest are therefore denied.

64. Defense of the traditional definition of marriage as defined by a State is just that – not bias or disapproval of something else. Defendant Rainey therefore denies that the effect of Virginia's marriage laws causes legal injury.

65. Under the rational basis test, the inquiry is not whether a same sex marriage interferes with the purposes advanced by the traditional classification but whether it advances them. Furthermore, a rational polity is entitled to conclude that designating relationships marriages inherently incapable of producing children could alter existing norms.

66. Defendant Rainey denies that protection of the public fisc is one of the valid state interests usually cited in defense of the traditional definition of marriage.

67. Because the view that traditional marriage best advances the interests of children is widely and deeply held in lay and expert opinion, it is not irrational to so believe. Furthermore, the rational basis test turns on what it is possible for a legislature to reasonably believe, not upon the pleading and proof of evidentiary facts. Defendant Rainey therefore denies that Virginia's interest in child welfare is affirmatively harmed by its definition of marriage.

68. Among the benefits of traditional marriage are responsible procreation and optimal child raising. The fact that same sex couples may adopt and non-fertile couples may lawfully wed does not destroy the rationality of the overall classification.

69. Rational basis review is based on what a legislative body could reasonably believe unrestrained by expert consensus – especially given the fact that consensus is itself a nonscientific if not antiscientific concept.

70. While it is true that the district court in *Perry* v. *Schwarzenegger*, 704 F. Supp. 2d 921 (N.D. Cal. 2010), treated legislative facts as though they were evidentiary facts by taking evidence from experts, the Ninth Circuit decided the case on other grounds. *Perry* v. *Brown*, 671 F.3d 1052 (9th Cir. 2012). In the Supreme Court, Justice Alito characterized the district court's record making as "reach[ing] the heights of parody" and a "spectacle." *United States* v. *Windsor*, 133 S. Ct. 2675, 2718 n.7 (2013) (Alito, J., and Thomas, J., dissenting). Nor is the law under challenge a law respecting parenting. Neither *In re Adoption of Doe*, 2008 WL 5006172, at *20 (Fla. Cir. Ct. Nov. 25, 2008), *aff'd sub nom. Florida Dep't of Children & Families* v. *Adoption of X.X.G.*, 45 So.3d 79 (Fla. Dist. Ct. App. 2010), nor *Howard* v. *Child Welfare Agency Review Bd.*, Nos. 1999-9881, 2004 WL 3154530, at *9 and 2004 WL 3200916, at *3-4 (Ark. Cir. Ct. Dec. 29, 2004), *aff'd sub nom. Dep't of Human Servs.* v. *Howard*, 238 S.W.3d 1 (Ark. 2006), involved marriage nor are their factual findings relevant under the rational basis test.

71. Virginia's definition of marriage does not cause legal harm to Plaintiffs or their children.

72. The constitutionality of Virginia's definition of marriage under rational basis review does not depend upon a showing of harm to those who fall within it if it were changed.

73. The Commonwealth has as great an interest in the welfare of children parented by same sex individuals as in the welfare of other children. However, it may rationally conclude that traditional marriage is the optimal means of pursuing its interests in them.

74. The class definition is improper because it is framed in merits terms and the identity of its putative members is practically unascertainable.

75. Because the putative class is practically unascertainable, Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations and this statement has the effect of denial.

76. Admitted that this constitutional challenge presents a pure question of law. Defendant Rainey denies that the case presents common questions of evidentiary fact. There are, however, within the putative class individualized questions of ripeness and standing.

77. Admitted that after *United States* v. *Windsor*, constitutional challenges to traditional marriage can be expected to be legally similar. 133 S. Ct. at 2709-10 (Scalia, J., and Thomas, J., dissenting).

78. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of the allegations and this statement has the effect of a denial. She denies that this case is proper for class action treatment.

79. Denied that there is a real risk within this circuit of inconsistent and varying adjudications or of a risk with respect to individual members that, as a practical matter, would substantially impair the ability of other members to protect their interests inasmuch as this is an obvious test case and the losing party will have appeal of right.

80. Denied that a class action is appropriate because declaratory and/or injunctive relief in favor of Plaintiffs upon the exhaustion of all appeals would have the same effect as a class judgment.

## COUNT I
## DUE PROCESS

81. Defendant Rainey incorporates by reference and realleges all of the answers to the preceding paragraphs of this complaint as though fully set forth herein.

82. Defendant Rainey admits that she is sued in her official capacity for declaratory and injunctive relief.

83. Admitted that the Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, speaks for itself.

84. Denied that Virginia Constitution article 1, § 15-A, Virginia Code § 20-45.2, and all other sources of state law that preclude marriage for same sex individuals or prevent recognition of their out-of-state marriages violate the due process guarantee of the Fourteenth Amendment either facially or as applied to Plaintiffs.

85. Denied that the putative right to marry a person of the same sex is one of the fundamental liberty interests protected by the Due Process Clause of the Fourteenth Amendment. It is not a fundamental right because it is not deeply rooted in this Nation's history and tradition.

86. In a decision that remains binding on this Court, the United States Supreme Court determined in *Baker* v. *Nelson*, 191 N.W.2d. 185 (Minn. 1971), *appeal dismissed for want of a substantial Federal question*, 409 U.S. 810 (1972), that same sex marriage claims premised on Due Process fail to state a substantial federal question.

87. Denied that Governor McDonnell has duties or powers with respect to the Virginia law of marriage eligibility or that Virginia law violates Plaintiffs' federal rights.

88. Defendant Rainey denies that her duties place her in violation of the Due Process Clause or that Virginia law violates Plaintiffs' federal rights. She further states that the statutory provisions with respect to her duties speak for themselves.

89. Defendant Rainey denies that the duties of the Staunton Circuit Court Clerk place him in violation of the Due Process Clause or that Virginia law violates Plaintiffs' federal rights.

90. Denied.

91. Denied that intermediate scrutiny applies and further denied that Virginia could not satisfy such a standard if it did apply.

## COUNT II
## EQUAL PROTECTION

92. Defendant Rainey incorporates by reference and realleges all of the answers to the preceding paragraphs of this complaint as though fully set forth herein.

93. Defendant Rainey admits that she is being sued in her official capacity for declaratory and injunctive relief.

94. Defendant Rainey admits that the Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, speaks for itself.

95. Denied that Virginia Constitution article 1, § 15-A, Virginia Code § 20-45.2, and all other sources of state law that preclude marriage for same sex individuals or prevent recognition of their out-of-state marriages violates the equal protection guarantee of the Fourteenth Amendment either facially or as applied to Plaintiffs. Defendant Rainey further denies that she has any duties or powers with respect to the effect on the legislative process.

96. Denied that Governor McDonnell has duties or powers with respect to the Virginia law of marriage eligibility or that Virginia law violates Plaintiffs' federal rights.

97. Defendant Rainey denies that her duties place her in violation of the Equal Protection Clause or that Virginia law violates Plaintiffs' federal rights. She further states that the statutory provisions with respect to her duties speak for themselves.

98. Defendant Rainey denies that the duties of the Staunton Circuit Court Clerk place him in violation of the Equal Protection Clause or that Virginia law violates Plaintiffs' federal rights.

99. In a decision that remains binding on this Court, the United States Supreme Court determined in *Baker* v. *Nelson*, 191 N.W.2d 185 (Minn. 1971), *appeal dismissed for want of substantial Federal question*, 409 U.S. 810 (1972), that same sex marriage claims premised on equal protection fail to state a substantial Federal question.

100. Denied.

101. Denied that a "'consent-based' vision of marriage" is contained in the Constitution. *See Windsor*, 133 S. Ct. at 2718 (Alito, J., and Thomas, J., dissenting). Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

102. Denied that a "'consent-based' vision of marriage" is contained in the Constitution. *See Windsor*, 133 S. Ct. at 2718. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

103. Denied that a "'consent-based' vision of marriage" is contained in the Constitution. *See Windsor*, 133 S. Ct. at 2718. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

104. Denied that a "'consent-based' vision of marriage" is contained in the Constitution. *See Windsor*, 133 S. Ct. at 2718. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

105. Denied.

106. Denied.

107. Denied that adherence to "the 'traditional' or 'conjugal' view" of marriage constitutes "discrimination." *Windsor*, 133 S. Ct. at 2718 (Alito, J., and Thomas, J., dissenting).

108. Denied that a "'consent-based' vision of marriage" is contained in the Constitution. *See Windsor*, 133 S. Ct. at 2718.

109. Denied that theories of sexual orientation are deeply rooted in the American tradition; that they contribute to a rule of decision in this case; or that a "'consent-based' vision of marriage" is contained in the Constitution. *Windsor*, 133 S. Ct. at 2718.

110. Denied that theories of sexual orientation are deeply rooted in the American tradition; that they contribute to a rule of decision in this case; or that a "'consent-based' vision of marriage" is contained in the Constitution. *Windsor*, 133 S. Ct. at 2718.

111. Given the historical fact that "[u]ntil a few decades ago, it was an accepted truth for almost everyone who ever lived, in any society in which marriage existed, that there could be marriages only between participants of different sex," *Hernandez v. Robles*, 855 N.E.2d 1, 8 (N.Y. 2006), the recent successes of same sex marriage proponents through the political process demonstrate that lesbians and gay men, and their allies, are not a discrete and insular minority in a constitutional sense.

112. Admitted that lesbians and gay men – like the vast majority of Americans – lack special legal protections in many or most jurisdictions and contexts; denied that underrepresentation – if any – is systematic; denied that they have been "stripped" of any existing right to marry; and denied that referenda affirming traditional marriage thereby "target" any group or person. *Windsor*, 133 S. Ct. at 2708 (Scalia, J., and Thomas, J., dissenting) ("to defend traditional marriage is not to condemn, demean, or humiliate those who would prefer

other arrangements, any more than to defend the Constitution of the United States is to condemn, demean, or humiliate other constitutions.").

113. Denied that Virginia's definition of marriage constitutes legal discrimination that violates constitutional rights. Defendant Rainey further pleads that Va. Const. art. 1, § 15-A and Va. Code Ann. § 20-45.2 speak for themselves.

114. Defendant Rainey is without knowledge or information sufficient to form a belief about the truth of allegations personal to Plaintiffs and this statement has the effect of a denial.

115. Denied that the constitutionally permissible traditional, conjugal view of marriage, *Windsor*, 133 S. Ct. at 2718, is simply stereotypical.

116. Assuming "that there are no longer legal distinctions between the duties of husbands and wives" does not mean that there are no real and actual characteristics unique to complementary different sex unions which provide a basis for traditional marriage.

117. Denied that traditional marriage is stereotypical or that this challenge to it triggers heightened scrutiny.

118. Denied that the putative right of same sex marriage implicates fundamental rights because the claimed right is not deeply rooted in American history or traditions.

### DECLARATORY AND INJUNCTIVE RELIEF
### 28 U.S.C. §§ 2201 AND 2202;
### Federal Rules of Civil Procedure Rules 57 and 65

119. Defendant Rainey incorporates by reference and realleges all of the answers to the preceding paragraphs of this complaint as though fully set forth herein.

120. Denied that Plaintiffs have been subjected to legal harm.

121. Denied that Plaintiffs are entitled to injunctive relief or that class action treatment is proper.

122. Denied. Striking down a presumptively valid law of the Commonwealth causes it irreparable harm as a matter of law.

123. All allegations not expressly admitted are denied

124. Denied that Plaintiffs or any of them are entitled to the relief requested or to any relief on any theory.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief may be granted.

2. *Stare decisis* consisting of controlling Supreme Court authority which may not be overturned by a lower court.

3. With respect to the impairment of political rights claim, lack of subject matter jurisdiction for want of standing and ripeness.

4. With respect to the impairment of political rights claim, the sovereign immunity/Eleventh Amendment bar because Defendant Rainey has no duties relevant to that claim.

          Respectfully Submitted,

          JANET M. RAINEY,
          in her official capacity

By:         /s/
      E. Duncan Getchell, Jr.
      Solicitor General of Virginia
      (VSB No. 14156)
      Office of the Attorney General
      900 East Main Street
      Richmond, Virginia 23219
      (804) 786-7240 – Telephone
      (804) 371-0200 – Facsimile
      dgetchell@oag.state.va.us

Kenneth T. Cuccinelli, II
Attorney General of Virginia

Rita W. Beale, VSB #37032

Deputy Attorney General
E-mail: rbeale@oag.state.va.us

Allyson K. Tysinger, VSB #41982
Senior Assistant Attorney General/Chief
E-mail: atysinger@oag.state.va.us

Michael H. Brady, VSB #78309
Assistant Solicitor General
E-mail: mbrady@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I also sent a filed copy of the same to the following by U.S. Mail, postage prepaid:

Rebecca K. Glenberg (VSB No. 44099)
American Civil Liberties Union
of Virginia Foundation, Inc.
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
Phone: (804) 644-8080
Fax: (804) 649-2733
rglenberg@acluva.org

James D. Esseks
Amanda C. Goad
Joshua A. Block
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
Fax: (212) 549-2650
jesseks@aclu.org
agoad@aclu.org
jblock@aclu.org

Gregory R. Nevins
Lambda Legal Defense and Education
Fund, Inc.
730 Peachtree Street, NE, Suite 1070
Atlanta, Georgia 30308
Phone: (404) 897-1880
Fax: (404) 897-1884
gnevins@lambdalegal.org

Tara L. Borelli
Lambda Legal Defense and Education
Fund, Inc.
3325 Wilshire Boulevard, Suite 1300
Los Angeles, California 90010
Phone: (213) 382-7600
Fax: (213) 351-6050
tborelli@lambdalegal.org

Paul M. Smith
Luke C. Platzer
Mark P. Gaber
Jenner & Block LLP
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Phone: (202) 639-6000
Fax: (202) 639-6066
psmith@jenner.com

lplatzer@jenner.com
mgaber@jenner.com

*Counsel for Plaintiffs*

/s/
E. Duncan Getchell, Jr.