UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOANNE HARRIS, et al, )<br>)<br>   *Plaintiffs* )<br>)<br>v. )<br>)<br>ROBERT F. McDONNELL, et al, )<br>)<br>   *Defendants* ) | Civil Action No.: 5:13-cv-77 |

**DEFENDANT ROBERTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant Thomas E. Roberts, by counsel, files this response in opposition to Plaintiffs' Motion for Class Certification and adopts and incorporates herein the arguments set forth in State Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification (Doc. 30). In addition to and consistent with those arguments, Roberts submits the following in opposition to Plaintiffs' Motion for Class Certification:

Plaintiffs have failed to meet the requirements of Rule 23 (b)(2), which requires Plaintiffs to demonstrate that the party opposing the class has acted or refused to act on grounds that apply generally to the class. See Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311 , 329 (4th Cir. 2006). Rule 23 (b)(2) is applicable to situations in which a class of plaintiffs seeks injunctive relief against a single defendant who has acted on grounds generally applicable to the plaintiff class. Paxman v. Campbell, 612 F.2d 848 , 854 (4th Cir. 1980)(reversing class certification of plaintiffs against 130 school boards for sex discrimination); Thompson v. Bd of Educ. of Romeo Cmty, Schs., 709 F.2d 1200, 1204-1205

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

(6th Cir. 1983)(class not certified in sex discrimination suit because plaintiff was not injured by each of eight different defendants); Popoola v. MD-Individual Practice Ass'n, 230 F.R.D. 424, 431 (D. Md. 2005)(in a multi-defendant action or class action, the named plaintiffs must establish that they have been harmed by each of the defendants). The courts should assess whether the defendant's behavior similarly affected all members of the prospective class.

Class certification should be denied here because Plaintiffs cannot demonstrate that Roberts acted or refused to act on grounds that apply generally to *the entire class* as required under Rule 23(b)(2). Roberts, as the Clerk of Court for the City of Staunton, has neither acted or refused to act on grounds affecting individuals who were denied a marriage license by him, as no proposed class representative has applied to Roberts for a marriage license which was denied. (See Affidavit of Laura Moran, Doc. 33-1). Roberts neither acted or refused to act on grounds affecting same-sex couples who theoretically and subjectively might want to get married AND otherwise qualify for a marriage license AND wish to apply for a marriage license in the City of Staunton as opposed to their own locality, as there has been no act or omission by Roberts or injury sustained by such an unascertainable class. Finally, Roberts neither acted or refused to act on grounds affecting individuals who were validly married in other jurisdictions and desire recognition in Virginia as he has no authority or control over Virginia's "recognition" of same sex marriages nor has he had or will he have in the future any official involvement on this issue with individuals who are already married.

As Plaintiffs cannot demonstrate acts or omissions by Roberts that affects the entire class, class certification should be denied pursuant to Rule 23(b)(2).

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

For this reason, and the additional reasons set forth in the State Defendants' Brief in Opposition to Plaintiffs' Motion for Class Certification (Doc. 30), Roberts respectfully requests that this Court deny Plaintiffs' motion for class certification, or in the alternative, deny Plaintiffs' motion for class certification following discovery on whether Plaintiffs have met all of the requirements of Rule 23 for class certification, and for such other and further relief as this Court deems appropriate.

THOMAS E. ROBERTS,

By Counsel

By: /s/ Rosalie Pemberton Fessier
Rosalie Pemberton Fessier
VSB # 39030
Attorney for Defendant Roberts
TIMBERLAKE, SMITH, THOMAS & MOSES, P. C.
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax: 540/885-4537
email: rfessier@tstm.com

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2013, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Rebecca K. Glenberg, Esquire
VSB No. 44099
AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA FOUNDATION, INC.
701 E. Franklin Street, Suite 1412
Richmond, VA 23219

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

3

Gregory R. Nevins, Esquire
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree Street, NE, Suite 1070
Atlanta, GA 30308

Tara L. Borelli
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
Los Angeles, CA 90010

James D. Esseks, Esquire
Amanda C. Goad, Esquire
Joshua A. Block, Esquire
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

Paul M. Smith, Esquire
Luke C. Platzer, Esquire
Mark P. Gaber, Esquire
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412

       /s/ Rosalie Pemberton Fessier
Rosalie Pemberton Fessier
VSB # 39030
Attorney for Defendant Roberts
TIMBERLAKE, SMITH, THOMAS & MOSES, P. C.
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax:    540/885-4537
email: rfessier@tstm.com

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

4