**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

|  |  |
|---|---|
| JOANNE HARRIS and JESSICA DUFF, and CHRISTY BERGHOFF and VICTORIA KIDD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>ROBERT F. MCDONNELL, in his official capacity as Governor of Virginia; JANET M. RAINEY, in her official capacity as State Registrar of Vital Records; THOMAS E. ROBERTS, in his official capacity as Staunton Circuit Court Clerk,<br><br>        Defendants. | Case No. 5:13-cv-00077 |

<u>**NOTICE OF REQUEST THAT PROPOSED CLASS DEFINITION BE AMENDED TO EXCLUDE FOUR INDIVIDUALS**</u>

Non-parties Timothy Bostic, Tony London, Carol Schall, and Mary Townley specially appear before this Court for the sole purpose of requesting, in the event this Court determines that Plaintiffs' motion for class certification should be granted, that Plaintiffs' Proposed Class Definitions be amended to exclude them.

Non-parties Bostic, London, Schall, and Townley are plaintiffs in an action styled as *Bostic v. McDonnell*, No. 2:13-cv-395, currently pending before the United States District Court for the Eastern District of Virginia, Norfolk Division (Allen, J.). Bostic and London are unmarried and wish to marry, but were denied a marriage license pursuant to laws of the Commonwealth. Schall and Townley were legally married in California in 2008, but their

marriage is not recognized as valid by the Commonwealth.  Plaintiffs in the *Bostic* action seek (1) declaratory relief declaring that Va. Code §§ 20-45.2, 20-45.3, and Article I, § 15-A of the Constitution of Virginia violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution; and (2) injunctive relief barring enforcement of those laws of the Commonwealth.  *Bostic v. McDonnell*, No. 2:13-cv-395 (E.D. Va.), R. 18: First Amended Complaint ¶¶ 4, 10.  The *Bostic* action was filed on July 18, 2013, approximately two weeks before the instant action was filed.

Plaintiffs in this action have sought certification of a class under Federal Rule of Civil Procedure 23(b)(2) and have proposed a class comprising two subclasses.  Included in the first subclass are "all persons residing in Virginia who are unmarried, and . . . wish to marry a person of the same sex, have applied for a marriage license in the Commonwealth with a person of the same sex, and have been denied the license."  R. 27: Plaintiffs' Memorandum in Support of Motion to Certify Class at 4.  *Bostic* plaintiffs Bostic and London would be members of this subclass if the *Harris* plaintiffs' motion for class certification were granted.

The second sub-class includes "all persons residing in Virginia who are validly married to a person of the same sex in another jurisdiction, and wish to have their marriage recognized by the Commonwealth."  R. 27: Plaintiffs' Memorandum in Support of Motion to Certify Class at 4. *Bostic* plaintiffs Schall and Townley would be members of this subclass if the *Harris* plaintiffs' motion for class certification were granted.

The *Bostic* plaintiffs respectfully request, in the event the Court determines that the motion for class certification should be granted, that the proposed definition of the class be amended, by adding at the end:

> "except that no person who is a plaintiff in *Bostic v. McDonnell*, No. 2:13-cv-395, currently pending before the United States District Court for the Eastern District of Virginia, is included in the proposed class, or either subclass."

The *Bostic* plaintiffs request this amendment to the proposed class definition to ensure that they can litigate their earlier-filed action to final judgment on the expedited schedule agreed to by the parties in that action. *Bostic* plaintiffs Bostic and London suffer grave and irreparable harm each day the Commonwealth denies them the right to marry; *Bostic* plaintiffs Schall and Townley similarly suffer irreparable harm each day the Commonwealth refuses to recognize their marriage as valid. The Commonwealth has declared, through its laws, that their relationships and their families are unworthy of the Commonwealth's approbation and are, at most, second-class. The injury this inflicts upon them is incalculable. It was for this reason that they filed suit and then negotiated with the *Bostic* defendants an expedited schedule that calls for cross-motions for summary judgment to be fully briefed by October 31, 2013. *Bostic*, No. 2:13-cv-395 (E.D. Va.), R. 17: Scheduling Order. Certifying the class as proposed by the *Harris* plaintiffs (*viz.*, without excluding the *Bostic* plaintiffs from the class definition) could delay resolution of the *Bostic* plaintiffs' claims for relief and thereby unnecessarily prolong the *Bostic* plaintiffs' suffering.

On the other hand, amending the proposed class definitions to exclude the *Bostic* plaintiffs will not prejudice the *Harris* named plaintiffs or the other absent members of the putative class in any way. While a judgment against the *Harris* plaintiffs conceivably could bind absent class members throughout the Commonwealth (if the class certification motion were

granted), a judgment entered against the *Bostic* plaintiffs would have no preclusive effect in the *Harris* action.

Moreover, as the Commonwealth observes in opposing the *Harris* plaintiffs' motion, the class action device is not necessary to obtain the statewide relief the *Harris* plaintiffs seek. R. 30: Defendants' Memorandum in Opposition to Motion to Certify Class at 5–7. But even if use of the class action device somehow better ensured statewide relief, that relief would be available whether or not the *Bostic* plaintiffs are included within the class definition.

Finally, the specter of duplicative litigation could not justify including the *Bostic* plaintiffs in the *Harris* plaintiffs' proposed class. The Commonwealth notably is not objecting to proceeding with the *Bostic* action, and, in fact, has agreed to a schedule that could bring that case expeditiously to judgment.

But more importantly, where duplicative litigation among federal district courts arises, any unwanted duplication generally is resolved by deferring to the earlier-filed case. This Court adheres to the Fourth Circuit's "first-to-file" rule: "when multiple suits are filed in different federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Elderberry of Weber City, LLC v. Living Centers-Southeast, Inc.*, No. 6:12-cv-0052, 2013 WL 1164835, at *4 (W.D.Va. Mar. 20, 2013) (quoting *Quesenberry v. Volvo Group North America, Inc.*, No. 1:09-cv-0022, 2009 WL 648659, at *3 (W.D.Va. Mar. 10, 2009) (citing *Allied–General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982))). As the Fourth Circuit has explained, "the first suit should have priority, absent the showing of balance of convenience in favor of the second action." *Volvo Const. Equip. North America, Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594–

95 (4th Cir. 2004) (quoting *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974)).[1]

In short, unless their intention merely is to prevent the *Bostic* plaintiffs from litigating their own case in the U.S. District Court for the Eastern District of Virginia, there is no reason the *Harris* plaintiffs **need** to include the *Bostic* plaintiffs in their proposed class. And under Fourth Circuit case law, there is no sound basis for compelling the *Bostic* plaintiffs to discontinue their first-filed action in favor of a later-filed class action.

Weeks before the *Harris* action was filed, the *Bostic* plaintiffs identified counsel of their choice and filed an action on their own behalf in the Eastern District of Virginia. They want only to prosecute their own case, for their own families, with their own counsel, on their own terms, and to let the *Harris* plaintiffs do the same.

For the forgoing reasons, the non-party *Bostic* plaintiffs respectfully request, in the event the Court certifies a class in this action, that the proposed class definitions be amended as described above to exclude the *Bostic* plaintiffs from the proposed class.

---

[1] The Fourth Circuit's first-to-file rule applies even though the *Bostic* plaintiffs have not sought certification of a class. The first-to-file rule applies wherever the suits in different federal courts are based "upon the same factual issues." *Allied–Gen. Nuclear Servs.*, 675 F.2d at 611 n. 1. Because, as the *Harris* plaintiffs observe, "[t]he marriage ban applies in the same manner throughout Virginia," and "constrains the actions of state officials in a uniform manner," R. 27: Plaintiffs' Memorandum in Support of Motion to Certify Class at 7, it follows *a fortiori* that the *Bostic* action rests on "the same factual issues" as the *Harris* action. And any difference the presence of a class certification motion might make to the balance of conveniences of course could be captured by the filing of a similar motion in the *Bostic* action, or the district court there certifying a class *sua sponte*, thus preserving the *Bostic* plaintiffs' ability as first-filers to proceed with their case.

Respectfully submitted,

Dated: September 3,  2013

/s/Charles B. Lustig
Thomas B. Shuttleworth
VSB # 13330
Robert E. Ruloff
VSB # 13471
Charles B. Lustig
VSB # 29442
SHUTTLEWORTH, RULOFF, SWAIN,
HADDAD & MORECOCK, P.C.
4525 South Blvd., Ste. 300
Virginia Beach, VA 23452
(757) 671-6000 (phone)
(757) 671-6004 (facsimile)
tshuttleworth@srgslaw.com
rruloff@srgslaw.com
clustig@srgslaw.com

Attorneys for Non-Parties Timothy Bostic,
Tony London, Carol Schall, and Mary Townley

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notice of such filing to the following:

Rebecca K. Glenberg, Esquire
VSB No. 44099
AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA FOUNDATION, INC.
701 E. Franklin Street, Suite 1412
Richmond, VA 23219

Gregory R. Nevins, Esquire
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
730 Peachtree Street, NE, Suite 1070
Atlanta, GA 30308

Tara L. Borelli
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
Los Angeles, CA 90010

James D. Esseks, Esquire

6

Amanda C. Goad, Esquire
Joshua A. Block, Esquire
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

Paul M. Smith, Esquire
Luke C. Platzer, Esquire
Mark P. Gaber, Esquire
JENNER & BLOCK, LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412

*Counsel for Plaintiffs*

E. Duncan Getchell, Jr.
Solicitor General of Virginia
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-7240
dgetchell@oag.state.va.us

Rita W. Beale,
Deputy Attorney General
rbeale@oag.state.va.us

Allyson K. Tysinger
Senior Assistant Attorney General/Chief
atysinger@oag.state.va.us

Michael H. Brady
Assistant Solicitor General
mbrady@oag.state.va.us

*Counsel for Defendants Robert F. McDonnell and Janet M. Rainey*

Rosalie Pemberton Fessier
Timberlake Smith Thomas & Moses P.C.
P.O. Box 108
Staunton, VA 24402
rfessier@tstm.com

Counsel for Thomas Roberts
Staunton Circuit Court Clerk


Dated: September 3, 2013                          /s/Charles B.Lustig
                                                 Thomas B. Shuttleworth
                                                 VSB # 13330
                                                 Robert E. Ruloff
                                                 VSB # 13471
                                                 Charles B. Lustig
                                                 VSB # 29442
                                                 SHUTTLEWORTH, RULOFF, SWAIN,
                                                 HADDAD & MORECOCK, P.C.
                                                 4525 South Blvd., Ste. 300
                                                 Virginia Beach, VA 23452
                                                 (757) 671-6000 (phone)
                                                 (757) 671-6004 (facsimile)
                                                 tshuttleworth@srgslaw.com
                                                 rruloff@srgslaw.com
                                                 clustig@srgslaw.com


                                                 Attorneys for Non-Parties Timothy Bostic,
                                                 Tony London, Carol Schall, and Mary Townley