CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

OCT 18 2013

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOANNE HARRIS, et al.,<br>*on behalf of themselves and*<br>*all others similarly situated*, | )<br>)<br>)<br>) Civil Action No.: 5:13cv00077 |
| Plaintiffs, | ) |
| v. | )<br>) By: Hon. Michael F. Urbanski |
| ROBERT F. MCDONNELL, et al., | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on defendants' Motion to Suspend Scheduling Order, to Stay Briefing or, in the alternative, to Establish a Briefing Schedule (Dkt. # 53).[1] For the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part**.

### I.

This case challenging the constitutionality of Virginia's marriage laws as to same-sex couples was filed on August 1, 2013. Plaintiffs Joanne Harris and Jessica Duff, and Christy Berghoff and Victoria Kidd, assert in their class action complaint violations of their rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Specifically, Harris and Duff allege their constitutional rights have been violated because they have been refused a marriage license as a same-sex couple by the Commonwealth of Virginia, in spite of the fact that they are otherwise qualified to marry under Virginia law and wish to do so. Berghoff and Kidd were married lawfully in another jurisdiction on August 20, 2011 and claim Virginia law violates their constitutional rights because their marriage is not

---

[1] The motion was filed by state defendants Robert F. McDonnell and Janet T. Rainey. At the hearing held on October 8, 2013, counsel indicated defendant Thomas E. Roberts also joins in the motion.

recognized by the Commonwealth. Plaintiffs name Robert F. McDonnell, Governor of Virginia, Janet M. Rainey, State Registrar of Vital Records, and Thomas E. Roberts, Staunton Circuit Court Clerk, all in their official capacities, as defendants in this suit and seek both declaratory and injunctive relief.

Defendants McDonnell and Roberts have moved to dismiss the claims against them, and plaintiffs have filed a motion for class certification. These motions have been fully briefed and oral argument is scheduled for Tuesday, October 29, 2013. In the meantime, plaintiffs filed a motion for summary judgment against all defendants on September 30, 2013. On October 3, 2013, defendants filed a motion to stay the summary judgment briefing schedule until a decision in <u>Bostic v. McDonnell</u>, No. 2:13cv00395, an action pending in the Eastern District of Virginia that raises identical questions of law, is rendered on the cross-motions for summary judgment currently pending in that case.

The complaint in <u>Bostic</u> was filed on July 18, 2013, two weeks earlier than the instant case. Plaintiffs Timothy B. Bostic and Tony C. London, like Harris and Duff in the instant case, assert Virginia law violates their constitutional rights by denying them the opportunity to marry legally within the Commonwealth. Bostic and London named Governor McDonnell, Kenneth T. Cuccinelli, Attorney General of Virginia, and George E. Schaefer III, Norfolk Circuit Court Clerk, in their official capacities, as defendants. On August 9, 2013, defendants McDonnell and Cuccinelli filed a motion to dismiss and the Commonwealth of Virginia filed a motion to intervene. The parties jointly asked the court to stay briefing on these pending motions, allow plaintiffs to amend their complaint, which would resolve the motions to dismiss and intervene, and set a briefing schedule for the filing of cross-motions for summary judgment. A consent

Order to that effect was entered on August 30, 2013, and plaintiffs filed an amended complaint on September 3, 2013.

This amended complaint added two additional plaintiffs, Carol Schall and Mary Townley, a same-sex couple who, like Berghoff and Kidd in the instant case, were lawfully married in another jurisdiction and allege their constitutional rights are violated by the Commonwealth's refusal to recognize their valid marriage. Bostic and London and Schall and Townley name Janet M. Rainey, State Registrar of Vital Records, and George E. Schaefer III, Norfolk Circuit Court Clerk, in their official capacities, as the only defendants in the amended complaint. Bostic is proceeding under a briefing schedule that required cross-motions for summary judgment to be filed by September 30, 2013. The deadline for responses is October 24, 2013 and the deadline for reply briefs is October 31, 2013.

In the motion to stay filed in the instant case, defendants argue that the court should stay briefing on plaintiffs' summary judgment motion pending a decision in Bostic in light of the first-to-file rule and in the interest of judicial economy. In the alternative, defendants argue that, at the very least, the court should enlarge the current briefing schedule[2] to account for the October 29th argument scheduled on the motions to dismiss and for class certification, as the merits of the case should not be decided before the parties to it have been determined.

The parties appeared before the court for a telephonic hearing on October 8, 2013 and presented argument on the motion to stay. Defendants argued that given the fact plaintiffs had decided to proceed on summary judgment rather than pursue an evidentiary challenge to Virginia's marriage laws through expert testimony, as they had originally proposed, the instant case is now on all fours with Bostic. Relying on the first-to-file rule, defendants argued that the matter should either be transferred to the Eastern District for purposes of consolidation with

---

[2] The briefing schedule is set forth in the court's September 17th scheduling order (Dkt. # 43).

3

Bostic or stayed pending the outcome in Bostic in the interest of judicial economy. Alternatively, defendants ask the court for some relief from the summary judgment briefing schedule, as the state defendants are busy preparing briefs in Bostic.

For their part, plaintiffs assert that the first-to-file rule does not apply because the instant case was filed as a class action and Bostic was not. Additionally, the Bostic complaint was filed a mere two weeks before the instant case and, in its original state, raised only one of the two constitutional challenges brought by plaintiffs in the instant case—that Virginia laws preventing a same-sex couple from lawfully marrying within the Commonwealth violate the plaintiffs' rights under the Fourteenth Amendment. Plaintiffs also contend that it is not unusual for two federal district courts within the same circuit or same state to decide the same legal issue at the same time, citing the cases of Windsor v. United States, 833 F. Supp. 2d 394 (S.D.N.Y. 2012) and Pedersen v. Office of Personnel Management, 881 F. Supp. 2d 294 (D. Conn. 2012) (same circuit), and Dragovich v. United States Department of Treasury, 872 F. Supp. 2d 944 (N.D. Cal. 2012) and Golinski v. United States Office of Personnel Management, 824 F. Supp. 2d 968 (N.D. Cal. 2012) (same state). With respect to defendants' request for enlargement of time to file response briefs, plaintiffs argue that since the legal issues are the same as in Bostic, there is no reason why the state defendants cannot file two briefs in two courts at the same time.

For the following reasons, the court finds neither transfer nor a stay pending decision in Bostic to be warranted in this case. However, an enlargement of time to file response briefs is appropriate.

## II.

"Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another

subsequently filed." Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982) (citing Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 140 F.2d 47, 49 (4th Cir. 1944)). This principle of judicial comity among co-equal federal courts is often referred to as the first-to-file rule. When a case falls within the ambit of the rule, courts generally will stay, dismiss, or transfer the second-filed case.

"The policy underlying the first-to-file rule is the avoidance of duplicative litigation and the conservation of judicial resources." Samsung Electronics Co., Ltd. v. Rambus, Inc., 386 F. Supp. 2d 708, 724 (E.D. Va. 2005). Application of the rule is discretionary, not mandatory. US Airways, Inc. v. US Airline Pilots Ass'n, No. 3:11-CV-371-RJC-DCK, 2011 WL 3627698, at *1 (W.D.N.C. Aug. 17, 2011) (citing Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 361 (W.D.N.C. 2003)). The Fourth Circuit "has no unyielding 'first-to-file' rule." Id. (quoting CACI Intern., Inc. v. Pentagen Technologies Int'l., 70 F.3d 111, 1995 WL 679952, at *6 (4th Cir. 1995) (unpublished)). The rule is not absolute and is not to be mechanically applied; ultimately, invoking the first-to-file rule is an equitable, case-by-case, discretionary determination. Elderberry of Weber City, LLC v. Living Centers-Southeast., Inc., No. 6:12-CV-00052, 2013 WL 1164835, at *4 (W.D. Va. Mar. 20, 2013) (citations omitted). Furthermore, exceptions to the rule are common "when justice or expediency requires." Samsung Electronics, 386 F. Supp. 2d at 724.

Procedurally, the court first considers whether the two competing actions are substantively the same or sufficiently similar to come within the ambit of the first-to-file rule. If they do, the court then considers whether any exception to the rule should be applied. See Fed. Home Loan Mortgage Corp. v. Mortgage Guar. Ins. Corp., No. 1:12-CV-539-AJT-JFA, 2012 WL 2673151, at *4 (E.D. Va. July 5, 2012) (setting forth this procedure). To determine if there

is sufficient similarity to bring the first-to-file rule into play, courts have considered three factors: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake. Nutrition & Fitness, 264 F. Supp. 2d at 360 (citing Plating Res., Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999)); see also US Airways, 2011 WL 3627698, at *2 (collecting cases). "The actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties." Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 635-36 (E.D. Va. 2006).

It is clear here that the same questions of law are presented in both the instant action and the Bostic case. Yet this is just one of the relevant factors. There is not a complete overlap between the parties. The state defendants are largely the same. True, Governor McDonnell remains a defendant in the instant action case while he was voluntarily dismissed from the Bostic case. Additionally, the instant action names the Staunton Circuit Court Clerk as a defendant, while the Bostic case names the Norfolk Clerk. These differences, however, are largely immaterial as a declaratory judgment decision against any one of the state defendants would be binding as to all. In contrast, there is a meaningful difference among plaintiffs. This case was brought as a class action—although class certification remains pending—while the Bostic case involves only individual plaintiffs. Cf. Wilkie v. Gentiva Health Servs., Inc., No. CIV. 10-1451 FCD/GGH, 2010 WL 3703060, at *3 (E.D. Cal. Sept. 16, 2010) ("Substantial similarity of the parties is determined by comparing the proposed classes as they currently stand."). Indeed, the Bostic plaintiffs have specifically requested that they be excluded from the putative class in the instant case. (See Dkt. # 38). Other courts have considered the difference between class-action and individual lawsuits to be material in determining if the first-to-file rule should be applied. See Dubee v. P.F. Chang's China Bistro, Inc., No. C 10-01937 WHA, 2010 WL 3323808, at *2

(N.D. Cal. Aug. 23, 2010) (finding that the plaintiffs in two separate cases were neither the same nor substantially similar where one case was proceeding solely as an individual action and the other as a class action, even where the class in the latter case—if certified—could encompass the individual plaintiff in the former case).

Finally, and most importantly, the chronology of the filings strongly weighs against the application of the first-to-file rule in this matter. "Courts within the Fourth Circuit have held that a rigid application of the first-to-file rule is unwarranted when the second action was filed only weeks after the first action." Quesenberry v. Volvo Grp. N. Am., Inc., No. CIV.A. 1:09CV00022, 2009 WL 648658, at *4 (W.D. Va. Mar. 10, 2009) (citing Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc., 20 F. Supp. 2d 948, 955 (E.D. Va. 1998)). The court in Quesenberry declined to invoke the first-to-file rule when the second filing occurred only three weeks later; the court in Affinity Memory similarly declined to invoke the rule when the difference was two weeks. See id. (noting this fact). The instant action was filed August 1, 2013, exactly two weeks after the Bostic case was filed. Moreover, the original complaint in this case alleged that *both* Virginia's refusal to marry same-sex couples and to recognize valid same-sex marriages performed in other states violates the Fourteenth Amendment. The later issue was not raised in the original Bostic complaint. Rather, it was first raised in the amended complaint with the addition of plaintiffs Schall and Townley, just over a month after the instant action was filed. As such, this case is the first-filed as to the issue of recognition of same-sex marriages performed by sister states.

Similar to the chronology of the filings, "courts also consider how far each case has progressed" in determining whether the first-to-file rule applies. Elderberry of Weber City, LLC v. Living Centers-Southeast, Inc., No. 6:12-CV-00052, 2013 WL 1164835, at *4 (W.D. Va. Mar.

20, 2013) (collecting cases); see also Affinity Memory, 20 F. Supp. 2d at 954 ("[T]he first-filed rule is not to be applied mechanically; for example, courts have declined to defer to the first-filed action when little if anything has been done to advance that action for trial."). The Bostic action has not advanced any further than the instant action. Indeed, summary judgment motions were filed in both cases on the same day.

One final factor courts use in considering the applicability of the first-to-file rule is "whether the balance of convenience weighs in favor of allowing the second-filed action to proceed." Elderberry, 2013 WL 1164835, at *4. In determining the balance of convenience, courts look to the same factors relevant to transfer of venue or forum non conveniens. Id. (citing Federated Mut. Ins. Co. v. Pactiv Corp., No. CIV.A 5:09CV00073, 2010 WL 503090, at *2 (W.D. Va. Feb. 9, 2010)). These factors are: (1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. Cross v. Fleet Reserve Ass'n Pension Plan, 383 F. Supp. 2d 852, 856 (D. Md. 2005) (citation omitted). "In general, a plaintiff's forum choice of venue is 'entitled to substantial weight.'" Id. (citing Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1255 (E.D. Va. 1988)). Giving proper deference to the substantial weight afforded to the plaintiffs' choice of venue, and as none of the other relevant factors weigh against proceeding in this venue, the court finds that the balance of convenience weighs in favor of allowing the instant action to proceed.

Thus, having considered the relevant factors, the court declines to stay, dismiss, or transfer this case pursuant to the first-to-file rule.

### III.

That being said, the court finds it appropriate to enlarge the briefing schedule set forth in the September 17th scheduling order to allow defendants sufficient time to respond to plaintiffs'

8

75-page summary judgment brief[3] and account for the October 29th oral arguments scheduled on the motions to dismiss and for class certification. Defendants' responses to plaintiffs' motion for summary judgment shall be filed on or before October 24, 2013, and plaintiffs' reply briefs shall be filed on or before November 7, 2013. The parties should contact chambers to set a hearing date.

An appropriate Order will be entered.

Entered: 10-18-13

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[3] While plaintiffs' motion for summary judgment was filed September 30, 2013, the court notes that plaintiffs' brief, attached as an exhibit to their Motion for Leave to File Brief in Excess of Twenty-Five Pages (Dkt. # 50), which was granted by Order entered October 3rd, was not actually docketed until October 10, 2013. See Sch. Order, Dkt. # 43, at ¶¶ 7-8 ("A supporting brief must accompany all pretrial motions . . . . If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed within fourteen (14) days of the date of service of the movant's brief. . . .").