UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

JOANNE HARRIS, et al,                )
                                     )
    *Plaintiffs*                         )
                                     )
v.                                   )   Civil Action No.: 5:13-cv-77
                                     )
ROBERT F. McDONNELL, et al,          )
                                     )
    *Defendants*                         )

**DEFENDANT ROBERTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Defendant Thomas E. Roberts, by counsel, responds to and opposes Plaintiffs' motion for summary judgment as there are genuine issues of material fact and Plaintiffs are not entitled to judgment as a matter of law.

Plaintiffs Harris, Duff, Berghoff and Kidd filed a 42 U.S.C. §1983 action challenging the provisions of VA. Const. Art. 15-A, and VA. Code Ann. §§20-45.2-3 which prohibits recognition of same sex marriages in Virginia. Plaintiffs seek injunctive and declaratory relief from Robert F. McDonnell, Governor of Virginia, Janet Rainey, Virginia's State Registrar of Vital Records, and this Defendant, Thomas E. Roberts, the Clerk of Court for the Circuit Court of the City of Staunton. All claims are asserted against the Defendants in their official capacities only. Plaintiffs filed a motion for summary judgment prior the case being at issue as the claims against Roberts, and prior to the completion (or even commencement) of discovery.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

Plaintiffs should be denied summary judgment for the reasons that they lack standing and their claims are not ripe against Roberts, genuine issues of material fact exist as to Roberts' personal involvement and causal connection with Plaintiffs' alleged constitutional injury, and Virginia's marriage laws are constitutional.

**I.      Standard of Review.**

On a motion for summary judgment, the moving party carries the burden of proving that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. Rule 56. Summary judgment will not lie if the evidence is such that a reasonable finder of fact could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The issues of fact are not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. Id.

**II.     Plaintiffs should be denied summary judgment on standing and ripeness grounds**.

Roberts filed a motion to dismiss pursuant to Rule 12(b)(1) on standing and ripeness grounds. Roberts incorporates and reasserts his arguments set forth in his memorandum in support filed as Doc. 33. For those same reasons this Court lacks subject matter jurisdiction to hear the claims against Roberts, this Court should deny Plaintiffs' summary judgment.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

2

**III.    Genuine issues of material fact exist as to Roberts' personal involvement and causal connection with Plaintiffs' alleged constitutional injury.**

Plaintiffs allege that they applied for a marriage license which was refused by Roberts. (Complaint 45) which violated their constitutional rights. In opposition to Plaintiffs' motion for summary judgment, Roberts relies upon the Affidavit of Laura Moran previously filed as Doc. 33-1. On or about July 29, 2013, two women, who Moran believes to be Joanne Harris and Jessica Duff, came into the Clerk's office. (Moran Aff. 2). Moran asked them if she could be of assistance. (Moran Aff. 2). One of the women stated to Moran words to the effect: "I think I already know the answer to this, but can same sex couples get married?" (Moran Aff. 3). Moran responded that she needed to check with Mr. Roberts. (Moran Aff. 3). She proceeded to Roberts' office and advised him of the question. (Moran Aff. 3). Roberts came out to talk with the women and advised them that he had checked the statute and that at this time in Virginia same sex couples could not get married. (Moran Aff. 3). The women said "thank you," and walked out. (Moran Aff. 3).

Neither Joanne Harris nor Jessica Duff requested a marriage license. (Moran Aff. 4). Neither requested an application for a marriage license. (Moran Aff. 5). Neither submitted an application for a marriage license. (Moran Aff. 6). Neither asked about the tax for a marriage license. (Moran Aff. 7). Neither tendered the tax for a marriage license. (Moran Aff. 8).

Neither Joanne Harris nor Jessica Duff stated under oath, or by affidavit or affidavits filed before a person qualified to take acknowledgments or administer oaths, that they were more than 18 years of age. (Moran Aff. 9). Neither stated under oath, or by affidavit or affidavits filed

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

before a person qualified to take acknowledgments or administer oaths, that they were legally competent. (Moran Aff. 10). Neither stated under oath, or by affidavit or affidavits filed before a person qualified to take acknowledgments or administer oaths, that they were not related to each other to a prohibited degree. (Moran Aff. 11). Neither provided proof of identification. (Moran Aff. 12).

No application for a marriage license submitted by Plaintiffs Harris and Duff was denied, as no application was submitted. (Moran Aff. 13). No request for access to an application for a marriage license was denied, as no request for an application was made. (Moran Aff. 14). No action was taken, adverse or otherwise, by Moran or Roberts, against Plaintiffs Harris or Duff. (Moran Aff. 15).

These material facts are in dispute.

Roberts took no action against Plaintiffs Harris and Duff. Plaintiffs Harris and Duff did not seek any benefit or right from Roberts which he denied. Consequently, Plaintiffs suffered no constitutional injury as a result of any act or omission of Roberts.

In order for an individual to be liable under § 1983 for constitutional violations, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. Cook v. James, 100 Fed. Appx. 178, 180 (4th Cir. 2004); Garraghty v. Virginia, Dep't of Corrections, 52 F.3d 1274, 1280 (4th Cir. 1995); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). In this case, when viewing the evidence in a light most favorable to Roberts, the non-moving party, there was no personal involvement by Roberts and he cannot be held liable

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

for injunctive relief and attorneys fees and costs for constitutional violations caused by those over whom he has no control.

It is immaterial whether this Court ultimately finds Virginia's marriage laws unconstitutional. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986)(if a plaintiff suffers no constitutional injury at the hands of a public officer, the existence of unconstitutional law or policy is immaterial); Waller v. City of Danville, 212 Fed. Appx. 162 (4th Cir. 2006). The Clerk of Court did not create the law nor does he have the authority to disregard Virginia law. The position of Clerk of Court is created by Virginia Constitution. Va. Const. Art. VII, §4. Roberts, as the Clerk of Court, is considered a "constitutional officer" in Virginia. He takes an oath, in part, to uphold the Constitution of the Commonwealth of Virginia. Va. Const. Art. II, §7. He does not have the power to declare any state law unconstitutional. Triche-Winston v. Shewry, 2006 U.S. Dist. LEXIS 92126 *8-9 (E.D. CA 2006) (dismissing claims against county clerk and assessor-recorder for refusing to issue marriage license or grant a hearing to a same-sex couple based upon existing state law where officials did not create the law or have authority to deviate from the law). To the extent Plaintiffs suffered or continue to suffer any alleged injury, such alleged injury is not caused by any act or omission of Roberts who did not create Virginia's marriage laws, and who does not have the authority to declare Virginia's laws unconstitutional.

As there exists genuine issues of material fact as to the claims against Roberts, Plaintiffs' motion for summary judgment should be denied.

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

5

**IV.     Virginia's marriage laws are constitutional**.

Defendant Roberts adopts the arguments and assertions set forth by the State Defendants in their response to Plaintiffs' Motion for Summary Judgment, and requests that Plaintiffs be denied summary judgment for the reasons stated therein.

## CONCLUSION

As there remains genuine issues of material fact, and Plaintiffs are not entitled to judgment as a matter of law, Roberts respectfully requests that this Court deny Plaintiffs' motion for summary judgment and afford Roberts such other and further relief as this Court deems appropriate.

THOMAS E. ROBERTS,

By Counsel

By:     /s/ Rosalie Pemberton Fessier
        Rosalie Pemberton Fessier
        VSB # 39030
        Attorney for Defendant Roberts
        TIMBERLAKE, SMITH, THOMAS & MOSES, P. C.
        25 North Central Avenue
        P. O. Box 108
        Staunton, VA 24402-0108
        phone:   540/885-1517
        fax:     540/885-4537
        email:   rfessier@tstm.com

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

6

CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2013, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Rebecca K. Glenberg, Esquire
> VSB No. 44099
> AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA FOUNDATION, INC.
> 701 E. Franklin Street, Suite 1412
> Richmond, VA 23219
>
> Gregory R. Nevins, Esquire
> LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
> 730 Peachtree Street, NE, Suite 1070
> Atlanta, GA 30308
>
> Tara L. Borelli
> LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
> 3325 Wilshire Blvd., #1300
> Los Angeles, CA 90010
>
> James D. Esseks, Esquire
> Amanda C. Goad, Esquire
> Joshua A. Block, Esquire
> AMERICAN CIVIL LIBERTIES UNION FOUNDATION
> 125 Broad Street, 18th Floor
> New York, NY 10004
>
> Paul M. Smith, Esquire
> Luke C. Platzer, Esquire
> Mark P. Gaber, Esquire
> JENNER & BLOCK, LLP
> 1099 New York Avenue, NW, Suite 900
> Washington, DC 20001-4412

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

7

E. Duncan Getchell, Jr., AAG
Office of the Attorney General of Virginia
900 East Main Street
Richmond, VA 23219

Michael H. Brady, AAG
Office of the Attorney General of Virginia
900 East Main Street
Richmond, VA 23219

        /s/ Rosalie Pemberton Fessier
Rosalie Pemberton Fessier
VSB # 39030
Attorney for Defendant Roberts
TIMBERLAKE, SMITH, THOMAS & MOSES, P. C.
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax:    540/885-4537
email: rfessier@tstm.com

F:\61\RVPF\DRM\Harris v. McDonnell\Pleadings\2013 - 10-24 response to motion for summary judgment 2.wpd

LAW OFFICES
TIMBERLAKE, SMITH,
THOMAS & MOSES, P.C.
STAUNTON, VIRGINIA
540/885-1517
fax: 540/885-4537

8