IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JOANNE HARRIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.  5:13-cv-00077 |
| ) | |
| ROBERT F. MCDONNELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT

The parties submit this Joint Status Report to apprise the Court of their respective positions in advance of the Status Conference scheduled for February 12, 2014.

**I.     Plaintiffs' Position**.

Plaintiffs believe that it would be appropriate for the Court to decide the pending summary judgment motion (Doc. 44) based on the papers that have already been filed, without holding additional oral argument.  *See* Local Rule 11(b); Fed. R. Civ. P. 78(b).  Although the current Attorney General no longer defends the constitutionality of Virginia's marriage ban (Doc. 110), the prior Attorney General vigorously defended Virginia's marriage ban and the existing briefing fully apprises the Court of the relevant arguments to be made on both sides of the issue.  Indeed, the prior Attorney General filed briefs in the *Bostic v. Rainey* litigation that are substantially identical to the briefs it filed in this case, and all parties in those proceedings agreed that those briefs were sufficient to enable the court to rule on summary judgment based on the existing papers.  *Bostic v. Raney*, No. 2:13-cv-00395 (ECF #105, 109-11).

Issuing a decision based on the papers would be particularly appropriate to protect the interest of class members who continue to experience irreparable harm from Virginia's marriage

1

bans. The class includes same-sex couples who will face an array of life events over the coming weeks and months. Children may be born without having both parents listed on their birth certificates. Class members may face unexpected illness or death, with their loved ones unable to make medical decisions for them, make funeral arrangements, or inherit by intestacy. Moreover, if a decision is issued soon in the *Bostic* case and then appealed to the Fourth Circuit, it is important that this case be timely appealed as well so that the interest of the class as a whole can be represented when the Fourth Circuit considers the issue.

If the Court wishes to hold oral argument, Plaintiffs agree with the Attorney General that it would be appropriate for the Court to appoint an *amicus curiae* for purpose of presenting oral argument in defense of Virginia's marriage bans, if doing so would be helpful to the Court in ruling on the relevant constitutional issues.

## II. Defendant Rainey's Position.

The Attorney General of Virginia, on behalf of Defendant Janet M. Rainey, State Registrar of Vital Records, in her official capacity, agrees with Plaintiffs, and with Defendant Roberts, that this Court may decide the merits of this case based on the fully briefed motion for summary judgment. (Doc. 44.) Rainey understands that Plaintiffs are agreeable to treating the briefs in opposition to that motion, filed by the prior Attorney General (Doc. 73) and by Defendant Roberts (Doc. 74), as a cross-motion for summary judgment to uphold the constitutionality of Virginia's same-sex-marriage ban.

The Plaintiffs are correct that the parties in *Bostic* agreed that oral argument was not necessary, although Rainey submitted that it would be desirable in light of the importance of the issues. The Court elected to have argument, which was conducted on February 4, 2014. A copy of the transcript is attached. (Ex. A.) The argument in favor of the constitutionality of Virginia's

marriage ban was zealously advocated by counsel for the Clerk of the Circuit Court for the City of Norfolk, and by counsel for the Clerk of the Circuit Court of Prince William County, who intervened in the case in order to defend the ban's constitutionality. (*Id.* at 32-63.) The Prince William County Clerk was permitted to adopt the briefing filed by the prior Attorney General. *Bostic v. Rainey*, supra (ECF #115).

Unlike in *Bostic,* however, no party in this case is currently defending Virginia's same-sex-marriage ban. The Attorney General made clear in this case, as in *Bostic,* that while Defendant Rainey will continue to enforce the ban until the judicial branch can adjudicate its constitutionality, he has concluded that it violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (Doc. 110 at 1; Doc. 110-1 at Pageid# 1327.) But the Attorney General also stated that he "will work to ensure that both sides of the issue are responsibly and vigorously briefed and argued before the courts to facilitate a decision on the merits, consistent with the rule of law." (Doc. 110 at 1.)

Accordingly, should this Court conclude that oral argument would help in resolving the fully briefed summary judgment motion, the Attorney General suggests that the Court appoint *amicus* counsel to argue in favor of the constitutionality of the ban. Federal courts have inherent authority to appoint *amicus* counsel to assist the court in a proceeding, authority that has been exercised by the Supreme Court, by circuit courts, and by district courts. The Supreme Court routinely appoints *amicus* counsel to argue positions that none of the parties has taken. In *United States v. Windsor*, 133 S. Ct. 2675 (2013), the Court appointed *amicus* counsel to brief and argue that the Court lacked jurisdiction when none of the parties questioned it. *Id.* at 2684. In *National Federation of Independent Businesses v. Sebelius*, 132 S. Ct. 2566 (2012), the Court appointed two separate *amicus* counsel to argue positions not advanced by the parties. *Id.* at

3

2582 & n.2.  The Court also appoints *amicus* counsel to defend the decision below when "no party defends the judgment."  *Millbrook v. United States*, 133 S. Ct. 1441, 1443 n.1 (2013); *Dickerson v. United States*, 530 U.S. 428, 441 & n.7 (2000) (same).  *Amicus* counsel have been invited to participate at the court of appeals level when the Department of Justice elects not to defend the constitutionality of an Act of Congress.  *E.g., Chadha v. INS*, 634 F.2d 408, 411 (9th Cir. 1980) (inviting House and Senate to file *amicus* briefs in support of the constitutionality of the "one-house veto" provision of a federal immigration law after the Executive Branch declined to defend it), *aff'd,* 462 U.S. 919 (1983).  And federal district courts likewise have "inherent authority to appoint *amici curiae* . . . to assist . . . in a proceeding."  *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (citing cases).

Such counsel may assist "in cases of general public interest . . . by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision."  *Alexander v. Hall,* 64 F.R.D. 152, 155 (D.S.C. 1974) (citations omitted).  For instance, Judge Payne invited *amicus* briefs from "the National Association of Criminal Defense Lawyers, the Federal Public Defender, and the University of Richmond Law School" to assist a defendant who challenged the constitutionality of a law that denied him access to child-pornography evidence that was going to be presented against him.  *United States v. Knellinger,* 471 F. Supp. 2d 640, 642 (E.D. Va. 2007) (Payne, J.).

"Since an *amicus* does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*."  *Alexander v. Hall*, 64 F.R.D. at 165.  The practice of a court's inviting *amicus* counsel to assist in a proceeding has not elicited the type of criticism sometimes voiced when an *amicus* serves more as the "friend of a party" than the "friend of the court."

4

*Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers).  Lawyers who serve in this capacity at the court's request act "in the best traditions of the Bar."  *Blackman v. District of Columbia,* 321 F. Supp. 2d 99, 102 & n.1 (D.D.C. 2004).

In this case, therefore, should the Court wish to hear oral argument on the fully briefed summary judgment motion, appointing *amicus* counsel to argue in favor of the constitutionality of Virginia's same-sex-marriage ban would "ensure a complete and plenary presentation" of the issues.  *Liberty Res., Inc.*, 395 F. Supp. 2d at 209-10 (quotation omitted).

### III.   Defendant Roberts's Position.

Defendant Roberts takes no position on the constitutionality of Virginia's marriage laws.  Defendant Roberts is constrained to abide by current law until such time as this Court or other authority mandates otherwise.  Defendant Roberts requests that this Court decide this case as expeditiously as possible.

Respectfully submitted,

JOANNE HARRIS, JESSICA DUFF,
CHRISTY BERGHOFF , and VICTORIA KIDD,
on behalf of themselves and all others similarly
situated,

By: \_\_\_/s/_____
Rebecca K. Glenberg, VSB # 44099
American Civil Liberties Union of Virginia
Foundation, Inc.
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
Phone: (804) 644-8080
Fax: (804) 649-2733
rglenberg@acluva.org

James D. Esseks
Amanda C. Goad
Joshua A. Block
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Phone: (212) 549-2500
Fax: (212) 549-2650
jesseks@aclu.org
agoad@aclu.org
jblock@aclu.org

Greg Nevins
Lambda Legal Defense and Education
Fund, Inc.
730 Peachtree Street, NE, Suite 1070
Atlanta, Georgia 30308
Phone: (404) 897-1880
Fax: (404) 897-1884
gnevins@lambdalegal.org

Tara L. Borelli
3325 Wilshire Boulevard, Suite 1300
Los Angeles, California 90010
Phone: (213) 382-7600
Fax: (213) 351-6050
tborelli@lambdalegal.org

*Counsel for Plaintiffs*

Paul M. Smith
Luke C. Platzer
Mark P. Gaber
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, D.C. 20001-4412
Phone: (202) 639-6000
Fax: (202) 639-6066
psmith@jenner.com
lplatzer@jenner.com
mgaber@jenner.com

                                        JANET M. RAINEY,
                                        in her official capacity

                                        By: /s/
                                        Stuart A. Raphael, VSB #30380
                                        Solicitor General of Virginia
                                        Office of the Attorney General
                                        900 East Main Street
                                        Richmond, Virginia 23219
                                        (804) 786-7240 – Telephone
                                        (804) 371-0200 – Facsimile
                                        sraphael@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Cynthia E. Hudson
Chief Deputy Attorney General

H. Lane Kneedler, VSB #007722
Senior Counsel

Rhodes B. Ritenour, VSB #71406
Deputy Attorney General
E-mail: rritenour@oag.state.va.us

Trevor S. Cox, VSB #78396
Deputy Solicitor General
E-mail: tcox@oag.state.va.us

Allyson K. Tysinger, VSB #41982
Senior Assistant Attorney General
E-mail: atysinger@oag.state.va.us

Catherine Crooks Hill, VSB #43505
Senior Assistant Attorney General
E-mail: cchill@oag.state.va.us


*Counsel for Defendant Rainey*

THOMAS E. ROBERTS,
in his official capacity

By: ___/s/_____
Rosalie Pemberton Fessier, VSB #39030
Timberlake, Smith, Thomas & Moses, P.C.
25 North Central Avenue
P.O. Box 108
(540) 885-1517 – Telephone
(540) 885-4537 – Facsimile
fessier@tstm.com

### CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to counsel of record.

_____/s/_____
Stuart A. Raphael