CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
MAR 31 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOANNE HARRIS, et al., on behalf of themselves and all others similarly situated, Plaintiffs, v. JANET M. RAINEY, et al., Defendants. | Civil Action No.: 5:13cv00077 By: Hon. Michael F. Urbanski United States District Judge |

## MEMORANDUM OPINION

On March 10, 2014, the Fourth Circuit Court of Appeals granted the motion of plaintiffs in this case, Joanne Harris, Jessica Duff, Christy Berghoff, and Victoria Kidd, to intervene on the side of the plaintiffs-appellees and file separate briefs in Bostic v. Schaefer, et al, No. 14-1167 (L). That case is currently proceeding on an expedited basis and is set to be heard on the May 12-15, 2014, argument calendar.

At the status conference held in this case on February 19, 2014, plaintiffs indicated that their main goal was to have their day in court and to be heard on the important issues raised in this case on the same schedule as the Bostic case. As a result of the Fourth Circuit's Order of March 10, 2014, allowing plaintiffs to intervene in the Bostic appeal, plaintiffs have that opportunity. Because of this seismic procedural development, the constitutional issue in this case is now in the hands of the Fourth Circuit Court of Appeals. As the Fourth Circuit's impending decision is binding, the court will stay this case pending that decision.

In addition to plaintiffs' intervention in the Bostic appeal, another aspect of the anomalous procedural posture of this case counsels the court to exercise restraint in issuing a ruling at this time. That is because there is no longer any party in this case advocating that Virginia's same-sex marriage and civil union ban is constitutional.[1] In other words, the debate in this court is decidedly one-sided.

At the February 19, 2014 status conference, the parties addressed the court's prudential concern of deciding an important civil rights case in a posture where no party was advocating that Virginia's same-sex marriage and civil union ban is constitutional. Noting the problem of the lack of adversity in this case, the parties suggested that the court consider appointing an amicus curiae to argue that the ban is constitutional, or alternatively, that the court rely on the now abandoned initial briefs filed by Rainey and Roberts. Neither alternative is satisfactory. First, appointing an amicus curiae to defend the laws cannot be accomplished by the time the Fourth Circuit hears this case in early May. Because the Fourth Circuit has decided to take up the Bostic case on an expedited basis, it is impractical for the court to request that an amicus curiae devote the time and undertake the expense to weigh in on an issue already scheduled to be heard in short order by a higher court. Second, as to the earlier briefs, it is difficult for the court to pay a great deal of credence to the prior legal arguments supporting the challenged laws when the parties who filed them have themselves abandoned those arguments.

As the Supreme Court stated last term in United States v. Windsor, 133 S.Ct. 2675 (2013), "[e]ven when Article III permits the exercise of federal jurisdiction, prudential considerations demand that the Court insist upon 'that concrete adverseness which sharpens the presentation of

---

[1] While defendant Janet M. Rainey, the State Registrar of Vital Records, originally argued that Virginia's same-sex marriage ban was constitutional, her position changed following the January, 2014 decision by Virginia's Attorney General not to defend the ban. Thomas E. Roberts, the Clerk of the Staunton Circuit Court, likewise has retreated from supporting the laws and now takes no position on their constitutionality. This scenario contrasts rather starkly from the Bostic case, where the Norfolk Clerk of Court continues to advocate for the ban's constitutionality and has been joined in that defense by the intervening Prince William County Clerk of Court.

issues upon which the court so largely depends for illumination of difficult constitutional questions.'" Id. at 2687 (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). Much like the Attorney General of Virginia has done in this case as regards the challenged Virginia laws, in Windsor the President agreed with the position taken by Edith Windsor and instructed the Department of Justice not to defend the section of the Defense of Marriage Act at issue in that case. The Windsor Court noted that

> [t]he Executive's agreement with Windsor's legal argument raises the risk that instead of a real, earnest and vital controversy, the Court faces a friendly, non-adversary, proceeding in which a party beaten in the legislature seeks to transfer to the courts an inquiry as to the constitutionality of the legislative act.

Id. (internal quotation marks and alterations omitted) (quoting Ashwander v. TVA, 297 U.S. 288, 346 (1936) (Brandeis, J., concurring)).[2] The change in legal positions by Rainey and Roberts and the resulting lack of any advocate for the challenged laws' constitutionality makes the risk in Windsor a reality here. On this issue of constitutional significance which has engendered so much spirited public debate, the court must "insist on . . . the most committed and vigorous adversary arguments to inform the rulings of the courts." Hollingsworth v. Perry, 133 S.Ct. 2652, 2674-75 (2013) (Kennedy, J., dissenting) (commenting on the purpose of justiciability principles in the context of Article III standing). Such adversity is plainly lacking here.

The Supreme Court has "long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Stone v. I.N.S., 514 U.S. 386, 411 (1995) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Indeed, the Fourth Circuit has found that a district

---

[2] Ultimately, the Court in Windsor found these prudential standing concerns satisfied in that case by the participation of the Bipartisan Legal Action Group, which intervened at the district court as an interested party and participated throughout the appeals process. In contrast, no one has intervened in this case. Moreover, the Windsor Court was concerned about the extensive litigation that would ensue if it declined to hear that case and the problems associated with the resulting lack of precedential guidance. That concern is absent here as the identical issue raised in this case is before the Fourth Circuit on expedited review.

3

court may, in its discretion, stay a civil matter pending a decision from a higher court that could control the outcome. See Hickey v. Baxter, 833 F.2d 1005, 1987 WL 39020, at *1 (4th Cir. 1987) (unpublished table decision) ("We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues."). While it is true that a stay of a civil case should be undertaken only in extraordinary circumstances, this case presents just such circumstances as is evident from the plaintiffs' intervention in the Bostic appeal and the lack of any opposition to plaintiffs' position that the same-sex marriage and civil union ban is unconstitutional. Nor is there any prejudice to the plaintiffs by staying this matter. Because the Fourth Circuit has granted plaintiffs' motion to intervene in the Bostic appeal, they will not be forced to "stand aside" while another group of litigants "settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255. Having intervened at the Fourth Circuit, plaintiffs now have a voice in the debate pending at the court of appeals.

The court views the intervention of plaintiffs into the Bostic Fourth Circuit appeal to be a procedural game-changer,[3] and the absence of any opposition to the position advocated by the plaintiffs in this case compels the court to exercise restraint. In short, the court does not believe it to be prudent or in the interests of justice to issue an opinion in a setting where only one side's arguments are forcefully pressed. The Fourth Circuit, however, will have the benefit of plaintiffs' arguments and a vigorous defense to inform the issues it must decide in the pending appeal. Based on plaintiffs' intervention in the pending appeal in Bostic and concerns over prudential standing, the court will stay this matter until the Fourth Circuit rules. An appropriate Order will be entered this day.

---

[3] Now that the plaintiffs in this case have inserted themselves into the Bostic litigation and that case is pending on an expedited basis at the Fourth Circuit, the considerations compelling the court to deny defendants' motion to transfer or stay this case when it was raised at the outset of this litigation are no longer applicable. (Dkt. No. 67).

4

The Clerk is directed to send a copy of this Order to all counsel of record.

Entered: March 31, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge